

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2004

# Juarez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1740

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

## Recommended Citation

"Juarez v. Atty Gen USA" (2004). *2004 Decisions.* Paper 906.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/906

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1740
_____

NESTOR JUAREZ,
                                        *Petitioner*

v.

JOHN ASHCROFT, Attorney General of the United States,

                                        *Respondent*
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(INS No.  A43-664-898)
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2004
Before: AMBRO, CHERTOFF and BECKER,
*Circuit Judges*

(Filed March 29, 2004)


_____

OPINION
_____

BECKER, *Circuit Judge.*

This is a petition for review by Nestor Juarez.  For the reasons that follow, we

deny the petition.  Because the parties are fully familiar with the background facts and

procedural history, we need not set them forth, and limit our discussion to our *ratio decidendi.*

First, the government contends that the Court lacks jurisdiction over Juarez's challenge to the INS District Director's decision because the Immigration Judge ("IJ") explicitly stated that her decision was not based on petitioner's interview with the INS or on the reasons stated in the INS District Director's decision. We will not belabor this point. The government is correct about the tenor of the IJ's statement, which was that "[t]he basis of the Court's decision . . . is not in any way influenced by the contents of the denial letter provided by the District Director." The IJ then proceeded to decide the case based on the remaining testimony and documentary evidence that was before the Immigration Court. Because the IJ did not adopt the District Director's decision, that decision is not before the Court. Juarez's attacks on the procedures used by Officer Zanotti when she interviewed him and Ms. Brantley, and his claims that the charging document was "improperly issued," were not raised before the IJ and are therefore waived.

The principal question on appeal, as we see it, is whether substantial evidence supports the Board and the IJ's decisions denying the petition to waive the condition for Juarez's admission as a lawful permanent resident. The history of the putative marital relationship between Juarez and Brantley is jumbled. Critical, however, are several facts. First, Juarez admits that from 1993 to 1996 he and Brantley filed separate tax returns,

each claiming "Head of Household" status from different addresses. While the returns were later amended, it was permissible for the IJ to draw the inference from the numerous separate filings that the couple were in fact not living together. Their later correction of the tax records does not compel the conclusion that they actually lived together from 1993 to 1996, when they filed the separate returns. Second, there was significantly inconsistent testimony by Juarez and Brantley about the number and lengths of their separation(s), and about where they resided at different times. In our view, the IJ was entitled to: (1) make an adverse credibility judgment about the bona fides of the Juarez-Brantley marriage; (2) conclude that "the marriage was entered into for immigration purposes only"; (3) deny Juarez's petition to remove the condition; and (4) order him removed to Peru.

Juarez remonstrates at great length that the decisions of the District Director, Immigration Judge, and Board of Immigration Appeals were impermissibly based upon racial and ethnic profiling and, thus, were discriminatory in nature. We find utterly no basis in the record for these claims; for the claim that the INS attorney was confused; for the claim that the Spanish language interpreter was incompetent; or for any other claims of procedural irregularities.

The petition for review will be denied.